[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 12, 2008
THOMAS K. KAHN
CLERK

No. 08-12703
Non-Argument Calendar

_____

D. C. Docket No. 05-00306-CR-T-23-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLAUDIUS CLARKE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 12, 2008)

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Claudius Clarke appeals the sentence imposed in connection with his motion

for a reduction of sentence under the new crack cocaine guidelines.  Because the

district court resentenced Clarke at the low end of the adjusted guidelines range and considered the mitigating factors and sentencing factors in 18 U.S.C. § 3553(a) before determining a reasonable sentence, any error in the court's conclusion that it lacked authority to consider a sentence below the guidelines range is harmless. Accordingly, we affirm.

I. Background

In 2006, Clarke pleaded guilty to six drug and firearm related offenses and was sentenced to 160 months' imprisonment. This sentence included 100 months' imprisonment on several drug offenses and being a felon in possession of a firearm (Counts 2, 3, and 6), with 60-month concurrent sentences for conspiracy and sale of a firearm (Counts 1 and 5), and a 60-month consecutive sentence for use of a firearm during a drug trafficking offense (Count 8). The original guidelines calculations determined the base offense level for the drug offenses to be 31 and a guidelines range of 151 to 188 months' imprisonment. Because Clarke cooperated with authorities, he received a reduction under U.S.S.G. § 5K1.1.

After the U.S. Sentencing Commission enacted Amendment 706 to address the disparity in sentencing for crack offenders, Clarke moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c). He noted that, with the 2-level reduction in his base offense level under the amendment and his prior reduction for

2

substantial assistance, his sentencing range was 84 to 105 months' imprisonment on Counts 2, 3, and 6. He asked the court to impose a sentence of 84 months on these counts, unless the court found a lower sentence to be appropriate in light of his rehabilitation, his attempts to complete his education, and his responsibility to his minor children.

The district court granted the motion for a reduction in sentence but rejected Clarke's claim that it had the authority to sentence Clarke below the new guidelines range. Specifically, the court found that Booker[1] did not apply to resentencing under § 3582. After determining the new range to be 84 to 105 months' imprisonment, the court imposed a sentence of 84 months' imprisonment on Counts 2, 3, and 6,[2] stating,

> a review of the circumstances of this case, including the pre-sentence report and the matters offered by Clarke in support of a reduction in sentence under Booker, confirms that the sentence that results form the present adjustment under the newly retroactive and reduced 'crack' guidelines is a 'reasonable sentence' as defined by Booker and effected by application of the factors arrayed at 18 U.S.C. § 3553(a).

This appeal followed.[3]

---

[1] United States v. Booker, 543 U.S. 220 (2005).

[2] The court did not alter the concurrent 60-month sentences for Counts 1 and 5 and consecutive 60-month sentence for Count 8.

[3] The issue is properly before this court because the district court ruled on the motion after March 3, 2008. See United States v. Moore, --- F.3d ----, 2008 WL 4093400, at *2 (11th Cir. Sept. 5, 2008).

II. Discussion

Clarke argues that the district court erred by concluding that it lacked authority to sentence him below the guidelines range under Booker at resentencing. He asserts that Amendment 706 does not fully rectify the disparity between crack and cocaine sentences, and thus the court should have exercised its discretion under an advisory guidelines scheme to sentence him below the new guidelines range. He further argues that the sentence imposed was unreasonable.

We review "a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). However, in the § 3582(c)(2) context, this court reviews "de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). We also review "de novo questions of statutory interpretation." United States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008).

Section 3582(c) permits a district court to modify a term of imprisonment once it has been imposed when the term is based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). In modifying the sentence, the district court "may reduce the term of

imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2). Only those amendments listed in U.S.S.G. § 1B1.10(c) may be applied retroactively through a § 3582(c) motion.  See U.S.S.G. § 1B1.10(a).

When considering a § 3582(c)(2) motion, the district court must apply the following two-step analysis:

> [f]irst, the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed.  In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact. Second, in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence.

United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998) (citations omitted); see also United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000).

When applying the two-step process, the court must consider the § 3553(a) factors.  Bravo, 203 F.3d at 781; Vautier, 144 F.3d at 760; U.S.S.G. § 1B1.10, comment. (n.1(B)(i)) (stating that, in determining whether the reduction is warranted and the extent of the reduction, consistent with the limits described in § 1B1.10(b), the court "shall consider the factors set forth in 18 U.S.C. § 3553(a).").  However, a resentencing under § 3582(c) is not a full de novo

resentencing. Bravo, 203 F.3d at 781. Thus, the court cannot consider whether to apply a new downward departure, although it would be permitted to determine whether to reapply an earlier departure. Vautier, 144 F.3d at 760-761.

Here, the government does not dispute that the district court had authority to grant Clarke's § 3582(c)(2) motion on the ground that Amendment 706 reduced his offense level and, therefore, lowered the sentencing range upon which his original sentence was based.[4] The only issue is whether the court could have imposed a sentence below the guidelines range.

The crux of Clarke's argument is that the court retained authority under Booker to impose sentence below the guidelines range when it resentenced him under § 3582(c). Although the issue of whether Booker applies to resentencing under § 3582 is an open question before this court, we need not resolve that issue here because even if the court misunderstood its authority to impose sentence, any error was harmless.

As the court stated in its judgment, it considered the guidelines range, Clarke's arguments in mitigation of his sentence, and the § 3553(a) factors, and concluded that the 84-month sentence was reasonable. This explanation from the

---

[4] Amendment 706 amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c) to provide a two-level reduction in base offense levels for certain crack-cocaine offenses. See U.S.S.G. App. C, Amend 706 (2007). The Commission made this amendment retroactively applicable, effective as of March 3, 2008. See U.S.S.G., App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

6

district court indicates that it would not have imposed a lesser sentence even if it were permitted to do so under Booker. Accordingly, we affirm because any error in the court's belief that it lacked authority to apply a downward variance was harmless.

Moreover, we conclude that the sentence imposed was reasonable. Clarke requested – and received – a sentence at the low end of the new guidelines range. The court considered Clarke's arguments and determined that a sentence within this guidelines range would be appropriate.[5] Clarke's claims that he had rehabilitated himself and was responsible for minor children do not show the sentence is unreasonable.

**AFFIRMED.**

---

[5] "A district court commits no reversible error by failing to articulate specifically the applicability – if any – of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997).