[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12157
Non-Argument Calendar

_____

D. C. Docket No. 93-04028-CR-4-WS-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH LAPELL BIGGINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(December 18, 2008)**

Before ANDERSON, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Keith Lapell Biggins appeals, pro se, the district court's denial of his motion

for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Guideline Amendment 706, which lowered the base offense levels applicable to crack cocaine sentences. On appeal, Biggins argues that the retroactive crack guideline amendment reduced his base offense level by two levels, requiring the district court to reexamine his sentence. Biggins also disputes the district court's finding that he was accountable for 4.5 kilograms of crack and insists that he was held responsible for only 1.5 kilograms. Biggins asserts that the district court was required to calculate his new guideline range, then use that new range to determine what sentence to impose. He maintains that the reduction in his base offense level from 38 to 36 conferred jurisdiction on the district court to reduce his sentence under § 3582(c).

Biggins argues that the district court then was required to apply United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and treat the guidelines as advisory while determining what sentence to impose. He asserts that the district court erred by not holding a hearing to consider his post-sentencing rehabilitation as well as substantial assistance that he might be able to provide to the government, which would allow the district court to vary downward from the advisory guidelines range. In his reply brief, Biggins further contends that U.S.S.G. § 1B1.10(b)(2)(A), which governs how much a district court may reduce

a sentence pursuant to § 3582, is advisory and thus does not limit the district court's authority to sentence him below the amended advisory guidelines range. Biggins concedes that Booker does not provide an independent basis for a § 3582(c) motion, but maintains that once he qualified for a sentence reduction, the district court had to re-sentence him under the advisory guidelines as required by Booker.

In an 18 U.S.C. § 3582 appeal, we review "de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). We also review "de novo questions of statutory interpretation." United States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008). We review a district court's decision "whether to reduce a sentence pursuant to 18 U.S.C. § 3852(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003).

A district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Fed.R.Crim.P. 35. 18 U.S.C. § 3582(c). One statutory exception to this general rule includes relief under § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

3

lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). A sentencing range has been lowered only when the guideline range has been lowered by a retroactive guideline amendment. United States v. Moore, ___ F.3d ___, ___, 08-11230, slip op. at 3375 (11th Cir. September 5, 2008). When a guideline amendment is applied retroactively and changes a defendant's base offense level, but does not change the guideline range, the district court lacks jurisdiction to reduce a sentence under § 3582(c)(2). Id. at ___, slip op. at 3376.

On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (2007). The effect of Amendment 706 is to provide a two-level reduction in base offense levels for certain crack-cocaine offenses. See id. The Commission made this amendment retroactively applicable, effective as of March 3, 2008. See U.S.S.G., App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

Under the current version of the guidelines, possessing between

4

1.5 kilograms and 4.5 kilograms of crack yields a base offense level of 36, while possessing more than 4.5 kilograms of crack yields a base offense level of 38. U.S.S.G. § 2D1.1(c)(1)-(2) (November 1, 2007 Manual). Under the 1994 Guidelines, possessing between 1.5 kilograms and 5 kilograms yielded a base offense level of 38. (November 1, 1994 Manual).

The district court did not err by finding that it lacked jurisdiction over Biggins's § 3582(c)(2) motion because the retroactive guideline amendment did not change Biggins's sentencing range. During Biggins's original sentencing, the district court found him responsible for over 4.5 kilograms. Accordingly, we affirm the district court's judgment.

**AFFIRMED.**