[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13685
Non-Argument Calendar

_____

D. C. Docket No. 95-00728-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGGIE WHITE,
a.k.a. Reggie A. White,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 16, 2009)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Reginald White, a federal prisoner convicted of a crack cocaine offense, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendments 706 and 713 to the Sentencing Guidelines, which lowered the base offense levels applicable to crack cocaine offenses under U.S.S.G. § 2D1.1. The district court sentenced White to a statutory minimum sentence of life imprisonment, but later reduced White's sentence based on the government's Federal Rule of Criminal Procedure Rule 35(b) substantial assistance motions. Thereafter, White filed a motion to reduce his sentence under § 3582(c)(2). The district court held White was not eligible for relief under § 3582(c)(2) because he was sentenced under a statutory minimum sentence.

On appeal, White argues the district court possessed the authority to reduce his sentence despite the mandatory statutory minimum sentence because, pursuant to Rule 35(b), the court had the authority to reduce White's sentence below the applicable statutory minimum. White additionally argues his original sentence was imposed in violation of his constitutional rights because a jury did not find he was responsible for a specific amount of illegal drugs.

We review for abuse of discretion a district court's decision whether to reduce a sentence, pursuant to § 3582(c)(2), based on a subsequent change in the Sentencing Guidelines. *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir.

2

2003). In the § 3582(c)(2) context, "we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). We also review *de novo* questions of statutory interpretation. *United States v. Maupin*, 520 F.3d 1304, 1306 (11th Cir. 2008).

Although a district court generally cannot modify a term of imprisonment once it has been imposed, an exception lies in § 3582(c)(2), where:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added). A reduction of a term of imprisonment is not consistent with applicable policy statements – and, therefore, not authorized under § 3582(c)(2) – if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); *see also id*. at cmt. n.1(A) (noting a defendant is not eligible for a sentence reduction where a guideline amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another

3

guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)").

Amendment 706 retroactively reduced the offense levels in crack cocaine cases, calculated pursuant to § 2D1.1(c), by two levels. U.S.S.G. App. C, Amend. 706. Although the retroactive effect of Amendment 706 allows a defendant, whose guideline imprisonment range was determined in accordance with the offense level calculations under § 2D1.1, to seek a reduction in his sentence, a defendant whose original sentence ultimately was based on something other than the offense level calculation under § 2D1.1 is precluded from receiving a sentence reduction because the amendment does not have the effect of lowering the applicable guideline range. *See* U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008).

Additionally, a § 3582(c)(2) motion is not the proper avenue through which to raise issues arising from the Supreme Court's decision in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), as such a claim does not involve an amendment made retroactive. *See* 18 U.S.C. § 3582(c)(2). Under the plain language of § 3582(c)(2), only changes to the Guidelines made by the Sentencing Commission after the defendant's sentencing hearing, not Supreme Court decisions, can be used as a basis for a § 3582(c)(2) motion. *See id.*; *see also United States v. Moreno*, 421

F.3d 1217, 1220 (11th Cir. 2005) ("*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, *Booker* is inapplicable to § 3582(c)(2) motions.").

Here, the court sentenced White to the mandatory minimum term of life imprisonment, which applied based on his previous felony drug convictions. Because the district court relied on a statutory mandatory sentence, rather than a base offense level under U.S.S.G. § 2D1.1, the district court did not err in concluding it lacked authority to reduce White's sentence under § 3582(c)(2). The fact that the district court granted the government's Rule 35(b) motions to reduce White's sentence does not change this result. We do not review White's constitutional claim on the merits because a motion filed under 18 U.S.C. § 3582(c)(2) is not the proper vehicle to raise a constitutional claim. Accordingly, based upon a review of the record and the parties' briefs, we affirm the district court's denial of White's § 3582(c)(2) motion.

**AFFIRMED.**