[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12921
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 93-08048-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COLEY QUINN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 27, 2009)

Before HULL, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Coley Quinn, a federal prisoner proceeding pro se, appeals the district

court's denial of his motion to reconsider his reduced sentence, imposed after the district court granted his motion to reduce sentence under 18 U.S.C. § 3582(c)(2) and Amendment 706. On appeal, Quinn argues that the district court erred in its application of § 3582(c)(2) because it failed to address the § 3553(a) factors and treated §§ 1B1.10 and 2D1.1 as mandatory, thus violating Quinn's Sixth Amendment rights under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He argues that his original pre-Booker sentence had violated his Sixth Amendment rights, and the court erred in imposing his amended sentence by failing to consider the mistakes made in his original sentence, or his post-sentence basis for relief. Quinn also asserts the court's failure to apply his amended guideline range in an advisory fashion violated his equal protection and due process rights.

We review a "district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). However, in the § 3582(c)(2) context, we review "de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). We also review "de novo questions of statutory interpretation." United

2

States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). This authority is limited to those guideline amendments listed in U.S.S.G. § 1B1.10(c) that "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2) (Supp. May 1, 2008). Amendment 706 is listed in § 1B1.10(c). See U.S.S.G. App. C, amend. 713 (Supp. May 1, 2008). Effective November 1, 2007, Amendment 706 adjusted downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in U.S.S.G. § 2D1.1. See U.S.S.G. App. C, amend. 706 (2007). Therefore, a district court has discretion to reduce the sentence of a defendant whose sentencing range has been lowered by Amendment 706.

Any sentencing reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission's policy statements direct that a defendant is not entitled to a full resentencing during § 3582(c)(2) proceedings. U.S.S.G. § 1B1.10(a)(3) (Supp. May 1, 2008). The Commission has instructed district

3

courts to determine the amended guideline range that would have been applicable to the defendant if the subsequently amended provision had been in effect at the time the defendant was originally sentenced. U.S.S.G. § 1B1.10(b)(1) (Supp. May 1, 2008). This is achieved by substituting the amended provision for the corresponding guideline provision that was applied when the defendant was sentenced, while "leav[ing] all other guideline application decisions unaffected." Id. Thus, a court may not reconsider any of its original sentencing determinations other than the provision subject to the amendment. United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000).

After recalculating the guidelines, the court next must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and may consider the defendant's post-sentencing conduct, in evaluating whether a reduction in the defendant's sentence is warranted and the extent of any such reduction. U.S.S.G. § 1B1.10, comment. 1(B) (Supp. May 1, 2008). The district court is not required to articulate the applicability of each factor, "as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court." United States v. Vautier, 144 F.3d 756, 762 (11th Cir. 1998) (citing United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997) (finding that the district court's short order, referencing the

4

government's brief that enumerated specific elements relevant to a § 3553(a) inquiry, provided sufficient reasons for the court's sentence). While the court must undertake this two-step analysis, its decision whether to reduce the defendant's sentence, and to what extent, is discretionary. Id. at 760.

Section 3582(c)(2) requires that a sentencing reduction be consistent with U.S.S.G. § 1B1.10, the Sentencing Commission's applicable policy statement. 18 U.S.C. § 3582(c)(2). Section 1B1.10(b)(2) provides in relevant part:

> (2) Limitations and Prohibition on Extent of Reduction.–
>
> (A) In General.–Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(b)(2) (made effective on March 3, 2008, by Amendment 712).

This Court has recently rejected Quinn's argument that the district court has the authority to apply Booker in a § 3582 resentencing. United States v. Melvin, __ F.3d __ , 2009 WL 236053 at *3 (11th Cir. Feb. 3, 2009) (holding "that Booker and Kimbrough do not apply to § 3582(c)(2) proceedings" and that "Booker and Kimbrough do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission."). And while the district court did not explicitly state

any of the § 3553(a) factors that it considered, it did seek briefing from the Government, it did consider all submissions, and it did reduce Quinn's sentence to the low end of the guideline range. Therefore, there is no error.

**AFFIRMED.**