[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12469
Non-Argument Calendar

_____

D. C. Docket No. 92-00170-CR-BH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY BLYTHE,
a.k.a. Hawk,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(April 2, 2009)

Before BIRCH, BLACK and FAY, Circuit Judges.

PER CURIAM:

Rodney Blythe, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), and the denial of his motion for reconsideration. Blythe was convicted of drug offenses involving crack cocaine, and he filed his motion pursuant to Amendment 706 to the sentencing guidelines, which lowered the base offense levels applicable to crack cocaine. On appeal, Blythe argues the sentencing court violated his right to due process of law by finding him responsible for the amount of cocaine attributed to the conspiracy as a whole when that amount was not reasonably foreseeable to him. Accordingly, Blythe claims the district court erred in denying his § 3582 motion based on such an amount, and requests resentencing to ascertain the correct amount of drugs for which he should be held responsible. Blythe also argues that once a § 3582 motion is properly before the district court, *United States v. Booker*, 125 S. Ct. 738 (2005), requires the sentencing guidelines be re-applied as advisory, rather than mandatory. We review each issue in turn, and affirm Blythe's sentence.

I.

A district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Fed. R. Crim. P. 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule is relief under

18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). "We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). However, in the § 3582(c)(2) context, "we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). We also review "*de novo* questions of statutory interpretation." *United States v. Maupin*, 520 F.3d 1304, 1306 (11th Cir. 2008).

A § 3582(c)(2) motion to reduce sentence does not provide the basis for *de novo* resentencing. U.S.S.G. § 1B1.10(a)(3); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). Accordingly, § 3582(c)(2) does not "grant to the court jurisdiction to consider extraneous resentencing issues." *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000). A district court should leave intact its previous factual decisions from the sentencing hearing, including drug quantity

calculations, when deciding whether to reduce a defendant's sentence under § 3582. *See United States v. Cothran*, 106 F.3d 1560, 1563 (11th Cir. 1997).

Additionally, a reduction in the term of imprisonment is not consistent with the guidelines policy statement, and therefore not authorized by § 3582(c)(2), if "[a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); *see also United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (stating only retroactively applicable amendments "that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2)").

On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706. The effect of Amendment 706 is to provide a two-level reduction in base offense levels for certain crack-cocaine offenses. *See id.* The Commission made this amendment retroactively applicable, effective as of March 3, 2008. *See* U.S.S.G., App. C, Amend. 713. However, Amendment 706 did not lower base offense levels for offenses involving greater than 4.5 kilograms of crack cocaine. *See* U.S.S.G., App. C, Amend. 706; *see also United States v. Jones*, 548 F.3d 1366, 1369 (11th Cir. 2008).

4

Blythe's argument that he should not be held responsible for the sentencing court's drug quantity finding fails because the district court was not required to re-examine the sentencing court's drug quantity determination in considering his § 3582(c)(2) motion. *See Cothran*, 106 F.3d at 1563. Accordingly, the district court did not err in finding Blythe was responsible for over 4.5 kilograms of crack cocaine based on the prior drug quantity finding to that effect at sentencing. Moreover, because Blythe was responsible for over 4.5 kilograms of crack cocaine, Amendment 706 did not change his applicable offense level under amended U.S.S.G. § 2D1.1. *See* U.S.S.G., App. C., Amend. 706. Thus, because the amendment did not lower Blythe's guidelines range, the district court acted within its discretion in denying his § 3582 motion. U.S.S.G. § 1B1.10(a)(2)(B); *see also Armstrong*, 347 F.3d at 909.

## II.

As noted above, we review *de novo* a district court's legal conclusions regarding the scope of its authority. *White*, 305 F.3d at 1267. Under *Booker*, a district court must calculate the guidelines range and consult the § 3553(a) factors to determine a reasonable sentence at a defendant's original sentencing hearing. *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). However, also as noted above, the district court may not conduct a *de novo* resentencing based on a

5

§ 3582(c)(2) motion. U.S.S.G. § 1B1.10(a)(3); *Moreno*, 421 F.3d at 1220. More specifically, *Booker* cannot serve as a basis for a § 3582 sentence reduction where Amendment 706 does not apply because of the high quantity of crack cocaine involved in the offense of conviction. *See Jones*, 548 F.3d at 1368-69. Accordingly, the district court did not err in declining to consider the 18 U.S.C. § 3553 factors, in light of *Booker*, as a basis for reducing Blythe's sentence under § 3582(c)(2) because Blythe was ineligible for relief under Amendment 706.

**AFFIRMED.**