[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13535
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 96-00003-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM LEE EDWARDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 9, 2009)

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant William Lee Edwards appeals the district court's order reducing

his sentence from 300 to 210 months' imprisonment, under 18 U.S.C. § 3582(c)(2), for a crack cocaine conviction, but denying his request for a sentence below his amended guideline range. On appeal, Edwards argues the district court erred in its application of § 3582(c)(2) when it refused to sentence him below the minimum of the guideline range because, under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), his range was merely advisory. Additionally, he argues that his sentence was unreasonable and that the district court erred by not considering the 18 U.S.C. § 3553(a) factors, a consecutive state sentence he served, his post-sentencing rehabilitation, and the disparity between powder and crack cocaine sentences.

In the § 3582(c)(2) context, "we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). We also review "*de novo* questions of statutory interpretation." *United States v. Maupin*, 520 F.3d 1304, 1306 (11th Cir. 2008).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). This authority is limited to those Guideline amendments

2

listed in U.S.S.G. § 1B1.10 that "have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  Amendment 713 made Amendment 706, which is listed in U.S.S.G. § 1B1.10(c), retroactive.  *See* U.S.S.G. App. C, Amend. 713; U.S.S.G. § 1B1.10(c).  Amendment 706 reduced offense levels in certain crack cocaine cases by two levels, as reflected in the drug quantity table in U.S.S.G. § 2D1.1.  *See* U.S.S.G. App. C, Amend. 706.  Therefore, a district court has discretion to reduce the sentence of a defendant whose sentencing range has been lowered by Amendment 706.

Any sentencing reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The Commission's policy statements direct that a defendant is not entitled to a full resentencing during § 3582(c)(2) proceedings.  U.S.S.G. § 1B1.10(a)(3).

Section 1B1.10(b)(2) also provides in relevant part:

(2) *Limitations and Prohibition on Extent of Reduction.–*

(A) *In General.*–Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

(B) *Exception.*–If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under

3

subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(2) (made effective on March 3, 2008, by Amendment 712).

We recently held that a district court does not have the authority pursuant to *Booker* or its progeny to reduce in the § 3582(c)(2) context a defendant's sentence in a manner inconsistent with the applicable policy statements of the Sentencing Commission. *United States v. Melvin*, ___ F.3d ___, ___ (11th Cir. Feb 3, 2009) (No. 08-13497). In *Melvin*, we concluded that *Booker* does not apply to § 3582(c)(2) proceedings and, therefore, the district court does not have the authority to sentence below the amended guideline range in resentencing. *Id.* at ___.

When considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. "First, the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed." *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998). Second, "the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." *Id.* While a district court must consider the § 3553(a) factors, it "commits no reversible error by failing to

4

articulate specifically the applicability - if any - of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997).

Although the record does not indicate that the district court considered the 18 U.S.C. § 3553(a) factors in granting the sentence reduction, the district court sentenced Edwards to the minimum term permitted by the amended guideline range. In accordance with *Melvin*, the district court was not permitted to reduce Edwards's sentence below the amended guideline range. Accordingly, we decline to review the reasonableness of Edwards's new sentence, and we affirm the 210-month sentence.

**AFFIRMED.**