[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11807
Non-Argument Calendar

_____

D. C. Docket No. 04-80091-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SIRCOREY WILDER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 16, 2009)

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Appellant Sircorey L. Wilder, through counsel, appeals the district court's

denial of his *pro se* motion for a reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). Wilder's § 3582(c)(2) motion was based on Amendment 706 to the United States Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine. On appeal, Wilder argues that the district court erred in denying his § 3582(c)(2) motion based on his status as a career offender because he received a variance under 18 U.S.C. § 3553(a), and was not sentenced "within the career offender sentencing range." He also submits that the district court erred by not considering the reasonableness of his sentence and the racial disparity created by the crack-to-powder-cocaine ratio.

In a § 3582(c)(2) proceeding, "we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). "We review *de novo* questions of statutory interpretation." *United States v. Maupin*, 520 F.3d 1304, 1306 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). In *United States v. Moore*, 541 F.3d 1323, 1327–28 (11th Cir. 2008), *cert. denied*, *McFadden v. United States*, 129 S. Ct. 965 (2009), *and cert. denied*, 2009 WL 301854 (U.S. Mar. 9, 2009) (No. 08-8554), we

2

held that, if the defendant was sentenced as a career offender under § 4B1.1 and the range was not affected by U.S.S.G. § 2D1.1, then the sentence is not "based on a sentencing range that has subsequently been lowered." We noted that the base offense levels under § 2D1.1 played no role in the calculation of the career offender range for the defendant. *Id.* at 1327. Thus, even though Amendment 706 was retroactive, the district court was not authorized to reduce the sentence. *Id.* at 1330. We held that this result was the same when a defendant received a downward departure for his substantial assistance under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(a), stating that there was "no basis for concluding that the reduction of [the defendant's] base offense level lowered the sentencing range relied upon by the district court in determining his sentence." *Id.*

Just as in *Moore*, Wilder's sentencing range was determined by his career offender status under U.S.S.G. § 4B1.1, and his crack cocaine base offense level played no role in his ultimate sentence. Thus, Wilder was not sentenced under the otherwise applicable base offense level in U.S.S.G. § 2D1.1, and he is ineligible for relief under Amendment 706. *See Moore*, 541 F.3d at 1327, 1330; U.S.S.G. § 1B1.10, comment. (n.1(A)) (prohibiting reduction where "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline"). This outcome is not changed by the fact that

3

Wilder received a variance under 18 U.S.C. § 3553(a) because there is no indication that the court based his sentence on the guideline range that would have applied absent the career offender designation.  *See Moore*, 541 F.3d at 1330. Moreover, the district court did not have authority to reduce Wilder's sentence under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), based on its reasonableness or the crack-to-powder-cocaine ratio.  *See United States v. Jones*, 548 F.3d 1366, 1369 (11th Cir. 2008) (holding that *Booker* itself does not render a defendant eligible for a sentence reduction under § 3582(c)(2), *cert. denied*, ___U.S. ___, 2009 WL 469071 (U.S. Mar. 23, 2009) (No. 08-8865)).  Accordingly, we affirm the district court's order denying Wilder's motion for a reduced sentence.

**AFFIRMED.**