[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 24, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13341
Non-Argument Calendar

_____

D. C. Docket No. 07-00041-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TODD RANDAL MAUPIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 24, 2008)**

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Todd Maupin appeals his 240-month and 480-month sentences imposed following his guilty plea to two child pornography counts, both in violation of 18 U.S.C. § 2252A. Maupin asserts the district court erred in enhancing his sentences based on its determination that a 1991 *nolo contendere* plea with adjudication withheld to Florida child pornography charges was a prior conviction warranting a sentencing enhancement under 18 U.S.C. § 2252A(b)(1) and (b)(2). We conclude the district court did not err in enhancing Maupin's sentences, and affirm.

## I. BACKGROUND

Maupin was charged with knowingly possessing material containing images of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Count I), and knowingly and intentionally receiving and attempting to receive child pornography materials shipped and transported through interstate and foreign commerce by computer via the Internet in violation of 18 U.S.C. § 2252A(a)(2)(B), (b)(1) (Count II). Maupin pled guilty to both counts.

The Government filed a notice of sentencing enhancement. In the notice, the Government stated Maupin was convicted in 1991 of possession of child pornography, in violation of Section 847.012 of the Florida Statutes. The Government noted the state court withheld adjudication and sentenced Maupin to five years' probation. Based on this previous conviction, the Government intended

2

to seek enhancement of his sentence pursuant to 18 U.S.C. § 2252A(b)(1) and (b)(2).

The probation office prepared a presentence investigation report (PSI). After grouping the counts pursuant to U.S.S.G. § 3D1.2(d), the probation office assigned Maupin a base offense level of 22 pursuant to U.S.S.G. § 2G2.2. Because the offense involved children under 12 years of age, sadistic and masochistic conduct, use of computer, and more than 600 images, the offense level was increased 13 levels under U.S.S.G. § 2G2.2(b) to yield an adjusted offense level of 35. The offense level was then decreased by 3 levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 to yield a total offense level of 32. Maupin's criminal history category was I. With a criminal history category of I and a total offense level of 32, Maupin's Guidelines range was 121 to 151 months' imprisonment. Maupin's range was increased to 180 months' imprisonment, however, pursuant to U.S.S.G. § 5G1.1(b) based upon the statutory mandatory minimum term required for Count II.

Relying on the 1991 Florida *nolo contendere* plea with adjudication withheld as a prior conviction warranting a statutory sentencing enhancement, the probation office identified the penalty ranges to be 10 to 20 years' imprisonment pursuant to 18 U.S.C. § 2252A(b)(2) for Count I, and 15 to 40 years' imprisonment

pursuant to 18 U.S.C. § 2252A(b)(1) for Count II. The probation office recommended concurrent, statutory-maximum sentences (240 months and 480 months, respectively) with a supervised release term of life for each count.

Maupin objected to the PSI by letter. He objected to enhancement of his sentence based on the 1991 *nolo contendere* plea with adjudication withheld. Maupin asserted 18 U.S.C. § 2252A(b)(1)'s and (b)(2)'s use of the phrase "under laws of any State" meant Florida law should determine whether the *nolo contendere* plea constituted a prior conviction. He claimed it would not be considered a prior conviction under Florida law.

The district court determined the PSI was accurate and considered its findings in its imposition of a sentence. The district court stated it had consulted the Sentencing Guidelines before calculating the advisory range. The court found aggravating circumstances existed pursuant to 18 U.S.C. § 3553(b)(2)(A)(i) that were not adequately accounted for by the Guidelines because the number of child pornography images exceeded 110,000. Considering the factors of 18 U.S.C. § 3553(a)–particularly the seriousness and duration of the offense, the number and vulnerability of the victims, Maupin's prior misconduct, promotion of respect of the law and protection of society, and provision of just punishment and deterrence–the court found that only a lengthy sentence was adequate. Therefore,

4

the court imposed the maximum penalties and sentenced Maupin to 240 months' imprisonment for Count I and 480 months' imprisonment for Count II, to run concurrently, followed by supervised release terms of life in both sentences. Maupin now appeals his sentences.

## II.  DISCUSSION

Maupin emphasizes § 2252A(b)(1) and (b)(2) require a defendant to have a prior conviction "under the laws of any State" before a sentence may be enhanced. Because the prepositional phrase "under the laws of any State" modifies the term "conviction," Maupin argues state law must determine whether or not a *nolo contendere* plea with adjudication withheld should be considered a conviction. Maupin contends Florida law does not consider entry of a *nolo contendere* plea with adjudication withheld to be a conviction.  Even if this conclusion is not compelled by the statutory language, Maupin argues his interpretation is a rational construction, not prohibited by Congress's language, and consistent with the rule of lenity.

We review *de novo* questions of statutory interpretation.  *United States v. Johnson*, 399 F.3d 1297, 1298 (11th Cir. 2005).  The statute at issue provides:

> (b)(1) Whoever violates, or attempts or conspires to violate, paragraph (1), (2), (3), (4), or (6) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but, if such person has a prior conviction under this chapter . . . or *under*

5

*the laws of any State* relating to . . . child pornography . . . such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years.

(2) Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if such person has a prior conviction under this chapter . . . or *under the laws of any State* relating to . . . child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

18 U.S.C. § 2252A(b)(1),(2) (emphasis added).  Neither we nor the Supreme Court has addressed the specific issue of whether a plea of *nolo contendere* with adjudication withheld constitutes a prior conviction for purposes of § 2252A.  The Eighth Circuit, however, relied on federal law in concluding entry of a *nolo contendere* plea in Florida state court to committing lewd and lascivious acts upon a child under 16 with adjudication withheld constituted a prior conviction under 18 U.S.C. § 2252A(b)(2).  *United States v. Storer*, 413 F.3d 918, 921-22 (8th Cir. 2005).

Although we have not decided this exact issue, our cases interpreting similar statutory language are instructive.  In *United States v. Mejias*, 47 F.3d 401, 404 (11th Cir. 1995), we held entry of a *nolo contendere* plea with adjudication withheld qualified as a prior conviction to enhance a sentence for purposes of 21 U.S.C. § 841(b)(1)(B).  There, the defendant's federal sentence for possession

with intent to distribute cocaine in violation of 21 U.S.C. § 846 was enhanced due to his prior *nolo contendere* plea with adjudication withheld to a third-degree drug felony under Florida law. *Mejias*, 47 F.3d at 402. Under § 841(b)(1)(B), statutory penalties increase if the defendant has committed the offense "after a prior conviction for a felony drug offense has become final." "Felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Relying on *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 119, 103 S. Ct. 986, 995 (1983), we stated in *Mejias*, "[t]he meaning of the word 'conviction' in a federal statute is a question of federal law unless Congress provides otherwise." 47 F.3d at 403. Because federal law would consider the *nolo contendere* plea with adjudication withheld a conviction, we held the district court did not err in enhancing Mejias's sentence. *Id.* at 404.

*Mejias* is in accord with our other holdings that federal law generally determines whether an offense constitutes a prior conviction. *See, e.g.*, *United States v. Anderson*, 328 F.3d 1326, 1327-28 (11th Cir. 2003) (noting federal law defines whether a state conviction, based on a *nolo contendere* plea with

7

adjudication withheld, is a conviction for purposes of U.S.S.G. § 2L1.2(b)(1)(B));

*United States v. Fernandez*, 234 F.3d 1345, 1347-48 (11th Cir. 2000) (applying

federal law in determining whether a state conviction, based on a *nolo contendere*

plea with adjudication withheld, is a conviction for purposes of U.S.S.G. § 2K2.1);

*United States v. Jones*, 910 F.2d 760, 761 (11th Cir. 1990) (holding entry of a *nolo*

*contendere* plea with adjudication withheld qualified as a prior conviction to make

a defendant eligible for career offender status under U.S.S.G. § 4B1.1).

In *United States v. Willis*, 106 F.3d 966, 970 (11th Cir. 1997), however, we

held entry of a *nolo contendere* plea with adjudication withheld did not qualify as a

predicate, prior conviction for purposes of 18 U.S.C. § 922(g)(1). That statute

makes it "unlawful for any person who has been convicted in any court of, a crime

punishable by imprisonment for a term exceeding one year to ship or transport in

interstate or foreign commerce, or possess in or affecting commerce, any firearm or

ammunition; or to receive any firearm or ammunition which has been shipped or

transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). Section

922 relies on 18 U.S.C. § 921 to define its statutory terms. Section 921(a)(20)

specifically provides that what constitutes a conviction "shall be determined in

accordance with the law of the jurisdiction in which the proceedings were held."

Therefore, state law was controlling in *Willis*. 106 F.3d at 970. We specifically

distinguished *Willis* from our prior holding in *Mejias*. *Id.* at 969-70.

Unlike *Willis*, the statute at issue here does not provide the jurisdiction in

which the proceedings were held should determine whether an offense constitutes a

prior conviction. *See id.* at 970. Instead, it involves a statutory sentencing

enhancement similar to the statutory enhancement considered in *Mejias*. *See*

*Mejias*, 47 F.3d at 403. For purposes of applying the enhancement under 21

U.S.C. § 841(b)(1)(B), the statute at issue in *Mejias*, 21 U.S.C. § 802(44) defines

felony drug offense using the prepositional phrase "under any law . . . of a State."

Similarly, the statute at issue here, 18 U.S.C. § 2252A, defines a conviction using

the prepositional phrase "under the laws of any State." Like *Mejias*, the language

of § 2252A does not prohibit the use of federal law or require reference to state law

to define prior conviction. Thus, we conclude the outcome in this case is dictated

by *Mejias*, in which we held entry of a *nolo contendere* plea with adjudication

withheld qualified as a prior conviction to enhance a sentence. We join the Eighth

Circuit in holding that entry of a *nolo contendere* plea with adjudication withheld

constitutes a prior conviction under 18 U.S.C. § 2252A. *See Storer*, 413 F.3d at

921-22 (8th Cir. 2005).

9

Additionally, we are not persuaded by Maupin's rule of lenity argument. "The simple existence of some statutory ambiguity . . . is not sufficient to warrant application of that rule, for most statutes are ambiguous to some degree." *Muscarello v. United States*, 524 U.S. 125, 138, 118 S. Ct. 1911, 1919 (1998). In order to invoke the rule, there must be a "grievous ambiguity or uncertainty in the statute." *Id.* (quotations omitted). There is not a grievous ambiguity here, and we do not invoke the rule of lenity.

## III. CONCLUSION

The district court did not err in enhancing Maupin's sentences pursuant to 18 U.S.C. § 2252A(b)(1) and (b)(2), based on a 1991 *nolo contendere* plea with adjudication withheld to Florida charges related to possession of child pornography. Accordingly, we affirm Maupin's sentences.

**AFFIRMED**.