[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11892
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 17, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 91-00272-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO ANTONIO FERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 17, 2008)

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Marco Antonio Fernandez, a pro se federal prisoner, appeals the district

court's denial of his motion seeking modification of his sentence, pursuant to 18 U.S.C. § 3582(c)(2). Fernandez argues that Amendment 709 to the Sentencing Guidelines would reduce his sentencing range.

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). However, in the § 3582(c)(2) context, "we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). We also "review de novo questions of statutory interpretation." United States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008).

Section 3582(c)(2), provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). For a district court to have authority, pursuant to § 3582(c)(2), to reduce a sentence based on an amendment to the guidelines, two initial conditions must be met. First, the sentencing range must be lowered by the

amendment.  See United States v. Pope, 58 F.3d 1567, 1568-69, 1572 (11th Cir. 1995) (ordering the district court to reinstate the original sentence on remand because the statutory-minimum sentence applied, and thus, the sentencing range was not lowered by the amendment).  Second, the amendment must be listed as retroactively applicable in § 1B1.10(c).  United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

Amendment 709, which became effective on November 1, 2007, addresses "two areas of the Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score." U.S.S.G. App. C, Amend. 709, Reason for Amendment.  With regard to the counting of multiple prior sentences, if the prior sentences were separated by an intervening arrest, they are to be counted separately.  If the prior sentences were not separated by an intervening arrest, they are to be counted separately "unless the sentences (1) were for offenses that were named in the same charging document, or (2) were imposed on the same day." Id. Under U.S.S.G. § 4A1.1(a), a defendant receives three criminal history points "for each prior sentence of imprisonment exceeding one year and one month.  U.S.S.G. § 4A1.1(a) (2007).  Section 4A1.2(a)(2), provides:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior

3

sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2) (2007).

We need not address whether the amendment is retroactive because even if it were, the changes would not benefit Fernandez. Fernandez's arguments focus on the grouping of his murder and arson offenses. When Fernandez was originally sentenced in 1992, his murder and arson convictions were grouped together, and he received a total of three criminal history points for them. If Amendment 709 were applied, the murder and arson convictions would still be grouped together because they were not separated by an intervening arrest and he received the sentences on the same day. Because the longest sentence for his murder and arson convictions was over a year and a month, he would still receive three criminal history points for them. See U.S.S.G. § 4A1.1(a). Because Amendment 709 would not lower Fernandez's sentencing range, the district court did not have discretion to lower his sentence. Accordingly, we affirm.

**AFFIRMED.**

4