[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13600
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 15, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 94-00006-CR-12-HLM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP PRICE WYATT,
a.k.a. "Seedie",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 15, 2009)**

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Phillip Price Wyatt is serving a life sentence after being convicted more than

a decade ago for conspiracy to possess with the intent to distribute and to distribute cocaine and cocaine base, commonly known as crack cocaine, and also for possessing with intent to distribute cocaine.

Wyatt appeals the district court's denial in June of 2008 of his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Wyatt's motion was based on Amendment 706, which lowered the base offense levels applicable to crack cocaine sentences. The district court's denial of the motion was based on the fact that because he had been held accountable at his original sentencing for more than 4.5 kilograms of crack cocaine (or cocaine base) his base offense level and guidelines range were not changed by Amendment 706.

At Wyatt's original sentencing in 1995, the district court had found that Wyatt was accountable for more than 1.5 kilograms of crack cocaine. In overruling an objection that Wyatt made at that time to the more than 1.5 kilograms finding, the district court had stated that the actual amount of crack cocaine that he was responsible for was a minimum of 70 kilograms.

Wyatt contends that the district court did not make sufficient factual findings at his original sentencing hearing to justify denial at this time of his § 3582(c)(2) motion to reduce sentence. He argues that all factual findings from the original sentencing proceeding must be left intact when deciding whether to apply a

guideline retroactively and that no additional factual findings are permitted in a § 3582 proceeding. That means, Wyatt argues, that the district court was bound by its previous finding, which he characterizes as being that he was accountable for only1.5 kilograms of crack.

Wyatt argues that the court was bound because (1) he had the assistance of counsel at his sentencing hearing, but was unrepresented during his motion for reduction of sentence, (2) a § 3582(c) proceeding is not a de novo proceeding, (3) the government argued that he was accountable for 1.5 kilograms of crack on direct appeal, making that finding the law of the case, and (4) we have clearly stated that all original sentencing determinations remain in place in a § 3582 proceeding. If he was accountable for only 1.5 kilograms of crack, the argument goes, he is eligible for a two-level reduction in his sentence under Amendment 706. And once that happens, Wyatt contends, the district court must apply United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), and its progeny, which makes possible a variance below the newly reduced guideline range.

In an appeal of the denial of a motion to reduce sentence under 18 U.S.C. § 3582, we review "de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). We also review "de novo

3

questions of statutory interpretation." United States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008). A district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3852(c)(2), based on a subsequent change in the sentencing guidelines, is reviewed only for an abuse of discretion. White, 305 F.3d at 1267.

A district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Fed.R.Crim.P. 35. 18 U.S.C. § 3582(c). One statutory exception to this general rule includes relief under § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). A sentencing guidelines range has been lowered for these purposes only when it has been lowered by a retroactively applicable amendment to the guidelines. United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008). When that happens and a defendant's base offense level is lowered but there is no change in ultimate guidelines range, the district court lacks jurisdiction to reduce a sentence under § 3582(c)(2). Id. at 1327-28. A motion for a reduction in sentence

4

is not a <u>de novo</u> proceeding. <u>United v. Cothran</u>, 106 F.3d 1560, 1562 (11th Cir. 1997). When considering a reduction in sentence under § 3582(c), the district court is bound by any factual findings made to determine the appropriate sentence in the original sentence proceedings. <u>Id.</u> at 1563.

On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (2007). The effect of Amendment 706 is to provide a two-level reduction in base offense levels for certain crack cocaine offenses. <u>See id.</u> The Commission made this amendment retroactively applicable, effective as of March 3, 2008. <u>See</u> U.S.S.G., App. C, Amend. 713 (Supp. May 1, 2008). After the implementation of Amendment 706, defendants held accountable for more than 4.5 kilograms of crack, rather than the prior amount of 1.5 kilograms of crack, are assigned a base offense level of 38. U.S.S.G. § 2D1.1(c)(1). That means that defendants responsible for more than 4.5 kilograms of cocaine base do not benefit from the amendment.

In this case at the original sentence proceeding in 1995 the district court did not find that Wyatt was responsible for only 1.5 kilograms of cocaine base, but instead found that he was responsible for more than that amount. At that time one and a half kilograms was the threshold amount necessary for setting his base

5

offense level at the maximum. In addition, in overruling Wyatt's objection to the amount attributed to him, the district court at the original sentence proceeding stated that Wyatt was responsible for at least 70 kilograms of cocaine base. That statement qualifies as a finding. As a result, Amendment 706 does not apply to Wyatt's sentence. It follows that the <u>Booker</u> decision and others like it have no application, either.

**AFFIRMED.**