[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14940
Non-Argument Calendar

_____

D. C. Docket No. 89-00029-CR-OC-10GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 27, 2009)**

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Robert Harris, through counsel, appeals the sentence imposed by

the district court following the grant of Harris's *pro se* motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2). Harris's § 3582(c)(2) motion was based on Amendment 706 to the Guidelines, which reduces base offense levels applicable to crack cocaine. On appeal, Harris argues that the district court erred in its application of § 3582(c)(2) when it refused to sentence him below the minimum of the amended guideline range. Harris asserts that, despite the language of U.S.S.G. § 1B1.10, which purports to constrain the court's authority to vary from the amended range, that section, like all of the Guidelines, is merely advisory under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

In the § 3582(c)(2) context, we review "*de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). We also review "*de novo* questions of statutory interpretation." *United States v. Maupin*, 520 F.3d 1304, 1306 (11th Cir. 2008).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). This authority is limited to those Guideline amendments listed in U.S.S.G. § 1B1.10(c) that "have the effect of lowering the defendant's

2

applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  Amendment 706 is

listed in § 1B1.10(c).  *See* U.S.S.G. App. C, amend. 713.  Effective November 1,

2007, Amendment 706 adjusted downward by two levels the base offense level

assigned to each threshold quantity of crack cocaine listed in the Drug Quantity

Table in U.S.S.G. § 2D1.1.  *See* U.S.S.G. App. C, amend. 706.  Therefore, a

district court has discretion to reduce the sentence of a defendant whose sentencing

range has been lowered by Amendment 706.  Any sentencing reduction, however,

must be "consistent with applicable policy statements issued by the Sentencing

Commission."  18 U.S.C. § 3582(c)(2).  The Commission's policy statements

direct that a defendant is not entitled to a full resentencing during § 3582(c)(2)

proceedings.  U.S.S.G. § 1B1.10(a)(3).

Section 1B1.10(b)(2) also provides in relevant part:

(2) *Limitations and Prohibition on Extent of Reduction.–*

(A) *In General.*–Except as provided in subdivision (B), the court shall
not reduce the defendant's term of imprisonment under 18 U.S.C.
3582(c)(2) and this policy statement to a term that is less than the
minimum of the amended guideline range determined under
subdivision (1) of this subsection.

(B) *Exception.*–If the original term of imprisonment imposed was less
than the term of imprisonment provided by the guideline range
applicable to the defendant at the time of sentencing, a reduction
comparably less than the amended guideline range determined under
subdivision (1) of this subsection may be appropriate. However, if the
original term of imprisonment constituted a non-guideline sentence

3

determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(2) (made effective on March 3, 2008, by Amendment 712).

We recently held, in *United States v Melvin*, ___ F.3d ___, No. 08-13497 (11th Cir. Feb. 3, 2009), that *Booker* does not apply to § 3582(c)(2) proceedings and thus the court is bound by the limitations imposed by § 3582(c)(2) and does not have the authority to sentence below the amended guideline range. *Melvin*, manuscript op. at 2, 9. Because of our holding in *Melvin, supra*, Harris's argument that the district court should have sentenced him below the minimum guideline range due to its application of § 3582(c)(2) is without merit. Accordingly, we affirm Harris's sentence.

**AFFIRMED.**