[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12233
Non-Argument Calendar

_____

D. C. Docket No. 04-00023-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWAYNE MONTGOMERY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 9, 2009)

Before BIRCH, BARKETT and HULL , Circuit Judges.

PER CURIAM:

Dwayne Montgomery, a federal prisoner convicted of a crack cocaine

offense, proceeding pro se, appeals the district court's denial of his pro se motion for a reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). He filed the § 3582(c)(2) motion based on Amendment 706 to the Sentencing Guidelines, which reduced the offense levels associated with certain crack cocaine offenses. The district court denied his motion, finding that he was not eligible for a reduction because he was sentenced as a career offender under U.S.S.G. § 4B1.1, such that Amendment 706 had no effect on his guideline range. On appeal, Montgomery generally argues that the district court erred in denying his § 3582(c)(2) motion because the career-offender provisions of the Guidelines were advisory and because Amendment 706 reduced his offense level.

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). However, in the § 3582(c)(2) context, we review "de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). We also review "de novo questions of statutory interpretation." United States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008).

A district court may not modify a term of imprisonment once it has been

imposed except where expressly permitted by statute or by Fed.R.Crim.P. 35. 18

U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule involves relief

under § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

On November 1, 2007, the Sentencing Commission promulgated

Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c).

U.S.S.G. App. C, Amend. 706. The effect of Amendment 706 is to provide a two-

level reduction in base offense levels for certain crack cocaine offenses. See id.

In United States v. Moore, we held that, if the defendant was sentenced as a

career offender under U.S.S.G. § 4B1.1 and the guideline range was not affected

by U.S.S.G. § 2D1.1, then the sentence was not "based on a sentencing range that

has subsequently been lowered." 541 F.3d 1326, 1327-28 (11th Cir. 2008), cert.

denied, (U.S. Jan. 12, 2009) (No. 08-7610). We noted that the base offense levels

under § 2D1.1 played no role in the calculation of the career offender range for the

defendant. Id. at 1327. Thus, even though Amendment 706 was retroactive, the

3

district court was not authorized to reduce the sentence. Id. at 1330. We held that this result was the same when a defendant received a downward departure for his substantial assistance under U.S.S.G. § 5K1.1, stating that there was "no basis for concluding that the reduction of [the defendant's] base offense level lowered the sentencing range relied upon by the district court in determining his sentence." Id.

Because Montgomery was sentenced as a career offender under U.S.S.G. § 4B1.1, the crack cocaine base offense level played no ultimate role in his sentence, and therefore, the district court correctly determined that Montgomery was not eligible for a sentence reduction pursuant to Amendment 706. Accordingly, we affirm.

**AFFIRMED.**