[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16499
Non-Argument Calendar

_____

D. C. Docket No. 05-20830-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN GIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 24, 2009)

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Juan Gil appeals the district court's denial of his motion for a reduced

sentence, filed pursuant to 18 U.S.C. § 3582(c)(2), and based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses. Gil argues that the district court erred in denying his § 3582(c)(2) motion and that under United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554), the court had the discretion to apply a reduction because he was not sentenced within the career-offender guideline range. Alternatively, he argues that Moore was wrongly decided and that under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court could have reduced his sentence because the Guidelines are merely advisory. He also contends that the court should have considered the reasonableness of his sentence and the crack-to-powder-cocaine sentencing disparity, pursuant to Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

In a § 3582(c)(2) proceeding, "we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). "We review de novo questions of statutory interpretation." United States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008).

A district court may modify a term of imprisonment in the case of a

2

defendant who was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). In Moore, we held that, if the defendant was sentenced as a career offender under § 4B1.1, and the range was not affected by § 2D1.1, then the sentence is not "based on a sentencing range that has subsequently been lowered." Moore, 541 F.3d at 1327-28. There, we noted that the base offense levels under § 2D1.1 played no role in the calculation of the sentencing guideline range for the defendant. Id. at 1327. Thus, even though Amendment 706 was retroactive, the district court was not authorized to reduce the sentence. Id. at 1330.

Like Gil, the defendants in Moore argued that they were eligible for reductions because they received downward departures, and, thus, were not sentenced within the career offender guideline ranges. Id. at 1329. In rejecting this argument, we contrasted two district court cases where the defendants received subsequent sentencing reductions despite their status as career offenders. Id. In the first district court case, the sentencing court granted a career offender a downward departure, pursuant to U.S.S.G. § 4A1.3, based on the district court's finding that the criminal history category over-represented the seriousness of the defendant's criminal history and "sentenced the defendant within the otherwise applicable guideline range." Id. In the second district court case, the sentencing

3

court similarly granted a career offender a downward departure under § 4A1.3 and "assigned the offense level that would have applied absent the career offender designation." Id. In both cases, the district courts exercised their discretion in granting a subsequent sentencing reduction based on their determination that the defendant's original sentences were not based on the career offender guideline range.

Here, Gil's initial base offense level from § 2D1.1 was a 30, with a three level reduction for acceptance of responsibility, leaving him with a total offense level of 27. However, because he was a career offender, he was assigned a base offense level of 34, pursuant to § 4B1.1(b), and after a three level reduction for acceptance of responsibility was left with an offense level of 31. He was also assigned a criminal history category of VI, given his career offender status. Based on his offense level of 31 and criminal history category of VI, his guideline range was 188 to 255 months' imprisonment. After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Gil below the guideline range to 108 months' imprisonment. In doing so, the district court commented, in part, that the guideline range as determined by § 4B1.1(b) was " a lot of time for a small transaction."

Gil argues that the district court's downward variance to 108 months' imprisonment shows that it believed the criminal history was overstated by the

4

career offender enhancement because this imprisonment term was equivalent to a base offense level of 31 and criminal history category of I. He notes that the district court commented during his sentencing hearing that 188 to 255 months was " a lot of time for a small transaction." As such Gil argues that pursuant to the rationale of the district court cases discussed in <u>Moore</u>, the district court could have exercised its discretion to grant Gil's motion for a sentence reduction because his original sentence demonstrated the district court's disagreement with the criminal history category of VI provided for by the career offender enhancement.

While we agree with Gil that the district court expressed its concern with the amount of time of the sentencing range provided for by the career offender enhancement, we find that the district court did not then base Gil's actual sentence on the "otherwise applicable guideline range" as the district courts did in the cases cited in <u>Moore</u>. Even if we accept Gil's argument that the district court's sentence of 108 months' imprisonment is based on a combination of an offense level of 31 and criminal history category of I, the offense level of 31 derives from the career offender offense levels and not from § 2D1.1. In addition, while imposing the 108 months' sentence, the district court stated that it was adopting the findings and conclusion in the Pre-Sentence Investigation Report and also that it was "accepting the guideline range." Thus, there is no indication that the court based Gil's

5

sentence on the guideline range, e.g. § 2D1.1, that would have applied absent the career-offender designation.[1] See Moore, 541 F.3d at 1327-28, 1330; U.S.S.G. § 1B1.10, comment. (n.1(A)) (prohibiting reduction where "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline").

Moreover, the district court did not have authority to reduce Gil's sentence under Booker based on its reasonableness or the crack-to-powder-cocaine ratio. See United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) (holding that Booker itself does not render a defendant eligible for a sentence reduction under § 3582(c)(2)). Accordingly, we affirm.

**AFFIRMED.**

---

[1] We have also reviewed the sentencing transcripts and note that nowhere does the district court indicate that it is sentencing Gil based on the "otherwise applicable guideline range" or that it had assigned an offense level that would apply absent the career offender enhancement. Rather we find that the district court's imposition of a sentence below the career offender guideline range was based on its review of the § 3553(a) factors.