[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2009
THOMAS K. KAHN
CLERK

No. 08-12105
Non-Argument Calendar

_____

D. C. Docket No. 88-04045-CR-4-WS-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARNEST R. STALEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 27, 2009)

Before TJOFLAT, BLACK and ANDERSON, Circuit Judges.

PER CURIAM:

Earnest Ray Staley appeals, pro se, the district court's partial denial of his

motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2). Finding Staley eligible for relief under Amendment 706 to the Sentencing Guidelines, the district court reduced Staley's sentence to the low-end of his amended guideline range, but denied his request to reduce his sentence further, finding that United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not apply to § 3582(c)(2) proceedings.

Staley argues that Booker's remedial holding, rendering the guidelines advisory, applies in § 3582(c)(2) proceedings, thus authorizing the district court to reduce his sentence below the amended guideline range. Staley urges us to follow the Ninth Circuit's decision in United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), holding that Booker already rejected, without exception, the government's proposal to apply the guidelines as advisory in one context, but mandatory in another. Staley additionally argues that the district court must apply the Sentencing Guidelines that are in effect at the time of resentencing, and, therefore, since the Sentencing Guidelines are currently advisory, the district court must consider the guidelines as advisory.

We review "a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343

(11th Cir. 2003). However, in the § 3582(c)(2) context, we review "de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). We also review "de novo questions of statutory interpretation." United States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008).

This Court has recently rejected Staley's argument that the district court has the authority to apply Booker in a § 3582 resentencing. United States v. Melvin, __ F.3d __ , 2009 WL 236053 at *3 (11th Cir. Feb. 3, 2009) (holding "that Booker and Kimbrough do not apply to § 3582(c)(2) proceedings" and that "Booker and Kimbrough do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission."). Therefore, the decision of the district court is **AFFIRMED**.