[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17100
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-20442-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO RAMIREZ-CASTILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 1, 2009)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Antonio Ramirez-Castillo appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses. Upon review, we affirm.

Ramirez argues that Amendment 706 lowered his guideline range and that he qualified for safety valve relief, which enabled the court to reduce his sentence below the statutory minimum term of imprisonment. He asserts that, even though he was sentenced to the mandatory minimum, he is still eligible for relief under *United States v. Williams*, 549 F.3d 1337, 1341 (11th Cir. 2008) (per curiam). He further argues that the district court incorrectly blurred the requirements for acceptance of responsibility with the requirements for safety valve relief, erroneously relying on the face that Ramirez went to trial and did not accept a plea as reasons for denying safety valve relief. Finally, Ramirez argues that the district court had the authority to consider safety valve relief at resentencing even though Ramirez did not raise it at the original sentencing.

We review "a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003) (citation omitted). However, in the § 3582(c)(2) context, "we

2

review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam). "We [also] review *de novo* questions of statutory interpretation." *United States v. Maupin*, 520 F.3d 1304, 1306 (11th Cir. 2008) (per curiam).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has been lowered subsequently by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). However, we have held that when a defendant is subject to a statutory mandatory minimum that replaces his guideline range, that defendant is ineligible for a sentence reduction under Amendment 706. *Williams*, 549 F.3d at 1342. This is true even where the defendant was granted, at his original sentencing, a substantial assistance departure below the mandatory minimum. *Id.* ("Because Williams was subject to a statutory mandatory minimum that replaced his original sentencing guideline range, he was not sentenced according to the base offense level in § 2D1.1, even taking into account the § 5K1.1 downward departure. He thus would not fall within the scope of Amendment 706.").

Because proceedings under § 3582(c) and § 1B1.10 of the Sentencing Guidelines "do not constitute a full resentencing of the defendant," U.S.

SENTENCING GUIDELINES MANUAL § 1B1.10(a)(3) (2008), "all original sentencing

determinations remain unchanged with the sole exception of the guideline range

that has been amended since the original sentencing." *United States v. Bravo*, 203

F.3d 778, 781 (11th Cir. 2000). Accordingly, § 3582(c)(2) "does not grant to the

court jurisdiction to consider extraneous resentencing issues." *Id.* at 782.

Upon review of the record and the parties' briefs, we discern no error.

Because Ramirez's sentence was ultimately based on the statutory mandatory

minimum rather than the offense level calculation under § 2D1.1, Ramirez was

ineligible for a sentence reduction under § 3582(c)(2) based on Amendment 706.

Further, although Ramirez's original sentencing range fell below the mandatory

minimum, he did not seek safety valve relief at that time. Ramirez correctly points

out that in *Williams* we noted, albeit in dicta, that a "substantial assistance"

departure was distinct from a "safety valve" departure under 18 U.S.C. § 3553(f).

*Williams*, 549 F.3d at 1341. *Williams*, however, concerned a defendant who was

granted a departure at his original sentencing proceeding. Here, Ramirez neither

sought nor received a substantial assistance departure at his original sentence,

much less a safety valve reduction. Thus, because all guideline application

decisions made during the original sentencing must remain intact and the court

may not consider extraneous sentencing issues, the district court did not err in

4

denying safety valve relief during Ramirez's § 3582(c)(2) resentencing.

**AFFIRMED.**