[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2009
THOMAS K. KAHN
CLERK

No. 08-13741
Non-Argument Calendar

_____

D. C. Docket No. 01-00457-CR-JOF-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARION PITTS,
a.k.a. Holy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 5, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Marion Pitts, proceeding pro se, appeals the district court's denial of his

motion for a reduced sentence, which was filed pursuant to 18 U.S.C. § 3582(c)(2), and based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses.  On appeal, Pitts argues that the district court erred in denying his § 3582(c)(2) motion based on his career-offender status because his offense level, calculated under U.S.S.G. § 2D1.1, actually was utilized to sentence him, because it was greater than his offense level under U.S.S.G. § 4B1.1, the career-offender provision.  He further contends that, because the district court departed downward for his substantial assistance under U.S.S.G. § 5K1.1 and Fed.R.Crim.P. 35(b), his offense level, after applying Amendment 706, would be reduced to 29, and his sentencing range would be lowered to 151 to 188 months' imprisonment.

In a § 3582(c)(2) proceeding, "we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). "We review de novo questions of statutory interpretation." United States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008).  A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Any such reduction must be consistent with

2

the Commission's applicable policy statements, which similarly provide, <u>inter alia</u>, that a sentencing reduction is not permitted where the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

The district court in this case erroneously concluded that Pitts was not eligible for a sentencing reduction because he was a career offender. Although Pitts was a career offender, his applicable guideline range was determined by his base offense level in § 2D1.1, because his otherwise applicable offense level of 39 was greater than the offense level prescribed by § 4B1.1. Nonetheless, the district court ultimately reached the correct conclusion that Pitts was ineligible for a sentencing reduction because although Amendment 706 would reduce his total offense level from 39 to 37, it would not affect his sentencing range. An offense level of 37, coupled with a criminal history category of VI, would give Pitts an amended guideline range of 360 months to life imprisonment, the same applicable guideline range upon which his original sentence was based. The downward departures that Pitts received, under § 5K1.1 and Rule 35(b), do not affect this analysis. <u>See</u> <u>United States v. Vautier</u>, 144 F.3d 756, 762 (11th Cir. 1998) (stating that "the benefit accruing from a lower sentence range under an amended guideline is <u>independent</u> of any prior substantial-assistance downward departure . . . .").

Accordingly, we affirm.

**AFFIRMED.**