[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 20, 2009
THOMAS K. KAHN
CLERK

No. 08-17233
Non-Argument Calendar

_____

D. C. Docket No. 08-00037-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAHI SARWAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 20, 2009)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Sahi Sarwar appeals his 92-month sentence imposed for willfully failing to

make a timely application to depart the United States and taking action designed to prevent his departure, after a final order of removal, in violation of 8 U.S.C. §§ 1253(a)(1)(B), (a)(1)(C) and 1227(a)(2). Sarwar argues that the government failed to prove that he was ever "admitted" to the United States for purposes of the ten-year maximum sentence under 8 U.S.C. § 1253(a), and that his sentence must be reversed accordingly. Sarwar also challenges the reasonableness of his sentence. We AFFIRM.

## I. BACKGROUND

Sarwar was indicted for willfully refusing to make a timely application to depart the United States and for taking action designed to prevent his departure from the United States, in violation of 8 U.S.C. §§ 1253(a)(1)(B), (a)(1)(C), and 1227(a)(2). R1-16. The indictment specified that Sarwar was an alien against whom a final order of removal was outstanding due to his illegal presence in the United States. Id.

Agent Angel Concepcion, an immigration enforcement agent, testified at the jury trial about Sarwar's alien registration file and his record of admission into the United States, under a Form I-94 in the name of "Ghani Sarwar." R2 at 34-35, 109. The Form I-94 stated that Ghani Sarwar arrived in New York in May 1989 through the Canada Peace Bridge port of entry with a Pakistani passport and temporary

2

visitor visa, stating that he was a Pakistani citizen. Id. at 111, 121. Though Agent Concepcion found another entry in the immigration database indicating that Ghani Sarwar entered the country in July 1989, he found no record that Ghani Sarwar ever departed the United States. Id. at 111-12.

Sarwar applied for asylum in 1993, at which time the government first opened his immigration file, but Sarwar failed to appear for the asylum interview and the process was terminated. Id. at 67. In the 1993 asylum application, Sarwar claimed that he first arrived in the United States in February of 1990 with a passport issued by Pakistan. Id. at 68, 70. Sarwar filed a second asylum application in 2007, stating that he entered the United States in 1990 with a U.S. passport; the application was denied. Id. at 68-69, 74, 84-85. Agent Concepcion testified that, in November 2007, the Board of Immigration Appeals ordered that Sarwar be removed from the United States to Pakistan. Id. at 37. Sarwar was served on numerous occasions with a Form I-229(a), i.e., "Warning for Failure to Depart," but refused to sign the documents and claimed that he was not a citizen of Pakistan. Id. at 39, 49-51, 63-64, 91-99.

Seema Harnanan, the mother of Sarwar's two children, testified that she lived in the United States with Sarwar from 1993 until 2004. Id. at 131-33. Harnanan also stated that while Sarwar was in prison, she mailed his passports, country ID

3

card, birth certificate, and other important paperwork back to his brother in Pakistan, per Sarwar's instructions. Id. at 139. She stated that Sarwar had two to three Pakistani passports in different names, including Sahi Sarwar and Ghani Khan. Id. at 139-40. While Sarwar was in prison, Harnanan received a letter from Sarwar's brother in Pakistan asking her to call him about "Ghani Sarwar," and she forwarded the letter to Sarwar. Id. at 141-45. Harnanan testified that Sarwar told her that he used the name "Sahi Sarwar" because it was the name of his dead brother, and if he was deported from the United States he would return under the name "Ghani Sarwar." Id. at 151-52. Harnanan testified that when she and Sarwar moved from New York to Florida, Sarwar destroyed much of his personal paperwork. Id. at 152-53.

Sarwar testified in his defense that he flew into the United States from Pakistan in 1989 with a false Pakistani passport in the name of "Ghani Sarwar," then left the United States for Pakistan at an unspecified date via the Canada Peace Bridge in New York, and returned to the United States in February 1990 via the Canada Peace Bridge. R3 at 181-84. Sarwar admitted that he has remained in the United States since his arrival in 1990. Id. at 180. Sarwar testified that his real name is "Sahi Sarwar" and that he simply used the name "Ghani Sarwar" for entry into the United States. Id. at 188, 241. He went on to state that he lied to a

4

probation officer about his family and about other requested information.  Id. at 240-41.  The jury found Sarwar guilty.  R1-35.

At sentencing, Sarwar objected to the applicability of 8 U.S.C. § 1227(a), arguing that he was never "admitted" to the United States for purposes of that statute and thus did not qualify for the statutory maximum sentence of ten years. R4 at 3.  When the district court inquired as to whether, at one point, Sarwar legally entered the United States, Sarwar's counsel responded, "At one point, yes, sir."  Id. The court then overruled Sarwar's objection.  Id. at 4.  The court sentenced Sarwar to 92 months' imprisonment, as provided for in the guidelines (of 92 to 115 months) of  §§ 1227(a) and 1253(a)(1).  Id. at 50.

## II.  DISCUSSION

### A.  "Admission" under 8 U.S.C. §§ 1227(a)

On appeal, Sarwar argues that the government failed to prove that he was ever "admitted" to the United States under 8 U.S.C. §§ 1227(a)(2)(A)(iii) and (a)(2)(C) for purposes of the maximum sentence, and that his sentence must be reversed accordingly.  Sarwar insists that, to qualify him for the ten-year maximum sentence under 8 U.S.C. § 1253(a)(1), the government had to prove that he was convicted of an aggravated felony or an enumerated firearms offense "at any time after admission" to the United States.  While Sarwar concedes that the government

5

proved he was convicted of such offenses, he argues that there is insufficient evidence to show that he was first "admitted" to the United States under 8 U.S.C. § 1101(a)(13)(A). If the government failed to prove that Sarwar was convicted of certain enumerated offenses after admission to the United States, the maximum statutory sentence would be four, rather than ten, years in prison.

An alien who is convicted under 8 U.S.C. § 1253(a)(1) for willful failure to make a timely departure application or taking action to prevent departure is subject to a statutory maximum sentence of four years in prison. 8 U.S.C. § 1253(a)(1). However, if the alien falls within the ambit of 8 U.S.C. § 1227(a)(2), then the maximum term of imprisonment is ten years. Id. Under 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii) (emphasis added). Similarly, "[a]ny alien who at any time after admission is convicted under any law of . . . possessing . . . a firearm . . . in violation of any law is deportable." 8 U.S.C. § 1227(a)(2)(C) (emphasis added). The term "admission" is defined as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A).

Sarwar argues that the plain language of 8 U.S.C. § 1101(a)(13)(A) controls, i.e., "admission" means "the lawful entry of the alien into the United States after

6

inspection and authorization by an immigration officer."  Appellant's Brief at 15.

Sarwar next argues that the government failed to prove his "admission" by "clear, unequivocal, and convincing evidence" because the Immigration Form I-94 introduced through the testimony of Agent Concepcion was surrounded by fraudulent circumstances.

Sarwar contends that the various identities he used, i.e., Ghani Sarwar, Sahi Sarwar do not support a finding of "admission" under 8 C.F.R. § 101.2, which provides a limited presumption of lawful admission for entry under an erroneous name in certain circumstances.  Sarwar also submits, <u>inter alia</u>, the following in support of the argument that he was not admitted in 1990: (1) the government's file on Sarwar was not opened until 1993; and (2) Sarwar stated in his 2007 asylum application that he entered the United States in February 1990 without having been inspected by an immigration officer.  For the first time on appeal, Sarwar argues that, when the immigration judge ordered his removal from the United States, the judge found that Sarwar did not have any valid entry documents, and that this further illustrates that he had not been "admitted."

We review a district court's factual findings for clear error and its application of the Sentencing Guidelines to those facts <u>de novo</u>.  <u>United States v. Kinard</u>, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006) (per curiam).  Moreover, "we review <u>de novo</u>

questions of statutory interpretation." United States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008) (per curiam).

Sarwar's counsel conceded that Sarwar had entered the United States legally at least once by 1990. Unless withdrawn, an attorney's statements in court, on behalf of his client, "which dispense with proof of facts . . . are not merely evidence as in the case of an ordinary admission. They are absolutely binding. As long as they stand, they foreclose the matter altogether." Laird v. Air Carrier Engine Service, Inc., 263 F.2d 948, 953 (5th Cir. 1959). The district court was free to take this statement as evidence that Sarwar had entered the country legally.

Sarwar argues that the I-94 form introduced by Agent Concepcion is insufficient to show "admission" to the United States because it was fraudulent. He bases this argument on his own declaration that the name "Ghani Sarwar" on the Pakistani passport was fraudulent. The court was within its discretion to discount this statement as not credible and to credit Harnanan's testimony that Sarwar told her that he used the name "Sahi Sarwar" because it was the name of his dead brother, and that he would return under the name "Ghani Sarwar" if deported. The district court did not abuse its discretion in discounting Sarwar's testimony and accepting his counsel's concession to legal entry.

Sarwar's concession to legal entry in 1990 at the latest, coupled with his

8

convictions in 2005 under 8 U.S.C. §§ 1227(a)(2)(A)(iii) and (a)(2)(C), support the district court's finding that Sarwar was convicted of an aggravated felony and an enumerated firearms offense after "admission" to the United States for the purposes of 8 U.S.C. § 1253(a)(1), and thus subject to the maximum statutory sentence of ten years' imprisonment.

B.  Reasonableness of Sentence

Sarwar, without further argument, asserts that a sentence beyond the four year statutory maximum was both procedurally and substantively unreasonable. We review a defendant's sentence for reasonableness under an abuse-of-discretion standard.  Gall v. United States, 552 U.S. ___,128 S.Ct. 586, 594 (2007). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

A sentence is procedurally unreasonable if the district court fails to consult, consider, and properly calculate the Sentencing Guidelines.  See United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  A sentence is substantively unreasonable if, considering all the circumstances, it fails to achieve the sentencing purposes of § 3553(a).  See id. at 1191.  Although a court must consider all of the § 3553(a) factors, it need not discuss each factor individually.  See id. at 1191 n.8.

9

We may apply a presumption of reasonableness to sentences that fall within the guidelines range. See id. at 1190. Sarwar has the burden in asserting both and fails to carry this burden by merely calling the sentence unreasonable. Because it falls within the sentencing range of 92 to 115 months, the sentence is presumed reasonable. See id. The district court properly found that Sarwar was subject to a ten-year maximum sentence under §§ 1227(a)(2)(A)(iii), (a)(2)(C), but ultimately sentenced him to 92 months of imprisonment, the low end of the guideline range. Sarwar's blanket statement challenging the reasonableness of his sentence is insufficient to establish that the district court abused its discretion.

### III. CONCLUSION

Sarwar argues that the ten-year maximum sentence provided for under 8 U.S.C. § 1253(a)(1) does not apply to him and challenges the reasonableness of his sentence. We conclude that the district court did not abuse its discretion in finding that 8 U.S.C. § 1253(a)(1) applied to Sarwar and that the sentence imposed was neither procedurally nor substantively unreasonable. Accordingly, we AFFIRM the judgment of the district court.

**AFFIRMED.**