[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12363
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cr-60231-DTKH-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTWAYNE TREMAYNE LOWRY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 27, 2015)

Before MARTIN, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Antwayne Lowry appeals his 180-month sentence, imposed pursuant to the

Armed Career Criminal Act mandatory minimum, after pleading guilty to being a previously-convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e).  On appeal, Lowry argues that the district court erroneously sentenced him as an armed career criminal because his 2003 conviction for possession with intent to sell or deliver cocaine, in violation of Fla. Stat. § 893.13, was not a "serious drug offense" within the meaning of the ACCA. He also argues that the district court's imposition of a sentencing enhancement based on prior convictions violated his Fifth and Sixth Amendment rights because the prior convictions were not charged in his indictment or admitted to at his change-of-plea hearing.  After careful review, we affirm.

I.

"We review de novo questions of statutory interpretation."  United States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008) (per curiam).  The ACCA provides that a person who is convicted of being a previously-convicted felon in possession of a firearm and has three previous convictions for a "serious drug offense" shall be sentenced to a minimum of 15 years' imprisonment.  18 U.S.C. § 924(e)(1). The statute includes in its definition of a serious drug offense "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."  Id. § 924(e)(2)(A)(ii).

2

At sentencing, the district court found that Lowry had three previous convictions for serious drug offenses.  Lowry argues that a defendant's knowledge of the illicit nature of the substance is a necessary implied element of a serious drug offense under the ACCA.  Thus, he argues that his 2003 conviction for possession with intent to sell or deliver cocaine, in violation of Fla. Stat. § 893.13(1), was not a serious drug offense because it was obtained under a state statutory scheme that does not require such knowledge.

This argument is directly foreclosed by this Court's holding in United States v. Smith, ___ F.3d ___, 2014 WL 7250963 (11th Cir. 2014), in which we held that a conviction under Fla. Stat. § 893.13(1) is a serious drug offense under the ACCA.  Id. at *5.  Our holding was based on the plain language of § 924(e), which defines a serious drug offense and neither expressly nor implicitly requires the mens rea element that Lowry argues his 2003 conviction lacks.  Id. at *4.  Thus, we affirm the district court's finding that Lowry had three prior convictions for serious drug offenses under the ACCA.

## II.

We turn next to Lowry's argument that his sentence is unconstitutional because the government did not charge his prior convictions in its indictment and he did not admit to their existence at his change-of-plea hearing.  "Although it is ordinarily true that all elements of a crime must be alleged by indictment and either

3

proved beyond a reasonable doubt or admitted by a defendant, there is an exception for prior convictions."  Id. at *2 (citing Almendarez-Torres v. United States, 523 U.S. 224, 247, 118 S. Ct. 1219, 1232–33 (1998)).  "Neither the Fifth Amendment nor the Sixth Amendment prevents the district court from finding the fact of [Lowry's] prior convictions, or using them to designate him an Armed Career Criminal."  Id. (alterations adopted) (quoting United States v. Gibson, 434 F.3d 1234, 1246 (11th Cir. 2006)).  Thus, the district court's imposition of the ACCA enhancement did not violate Lowry's constitutional rights.

    **AFFIRMED.**