[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2009
THOMAS K. KAHN
CLERK

No. 08-14159
Non-Argument Calendar

_____

D. C. Docket No. 99-00017-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY RAY KIRKLAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 8, 2009)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Johnny Ray Kirkland, proceeding pro se, appeals the district court's denial

of his motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706. Kirkland's § 3582(c)(2) motion was based on Amendment 706 to the Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine. On appeal, Kirkland argues that the district court erred in denying his motion for a sentence reduction, despite his status as a career offender. Kirkland asserts that he was eligible because, even though the court increased his offense level under U.S.S.G. § 4B1.1, the court derived his base offense level from U.S.S.G. § 2D1.1. Additionally, he contends the court should have reduced his sentence based on his post-sentencing rehabilitative efforts and because the guidelines are advisory under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He also argues that the district court had discretion to reduce his sentence because he received a departure pursuant to U.S.S.G. § 5K1.1 for substantial assistance.

In a § 3582(c)(2) proceeding, "we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). "We review de novo questions of statutory interpretation." United States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a

2

sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). In United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554), we held that if the defendant was sentenced as a career offender under § 4B1.1 and the range was not affected by U.S.S.G. § 2D1.1, then the sentence is not "based on a sentencing range that has subsequently been lowered." 541 F.3d at 1327-28. We noted that the base offense levels under § 2D1.1 played no role in the calculation of the career offender range for the defendant. Id. at 1327. Thus, even though Amendment 706 was retroactive, the district court was not authorized to reduce the sentence. Id. at 1330. We held that this result was the same when a defendant received a downward departure for his substantial assistance under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(a), stating that there was "no basis for concluding that the reduction of [the defendant's] base offense level lowered the sentencing range relied upon by the district court in determining his sentence." Id.

Just as in Moore, Kirkland's sentencing range was determined by his career offender status under U.S.S.G. § 4B1.1 and his crack cocaine base offense level played no ultimate role in his sentence. Thus, Kirkland was not sentenced under the otherwise applicable base offense level in U.S.S.G. § 2D1.1, and he is ineligible for relief under Amendment 706. See Moore, 541 F.3d at 1327, 1330;

3

U.S.S.G. § 1B1.10, comment. (n.1(A)) (prohibiting reduction where "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline"). This outcome is not changed by the fact that Kirkland received a departure under U.S.S.G. § 5K1.1 for substantial assistance because there is no indication that the court based his sentence on the guideline range that would have applied absent the career offender designation. See Moore, 541 F.3d at 1330. Further, Kirkland could not rely solely on Booker or his rehabilitative efforts as an independent basis for relief under § 3582(c)(2). See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009), cert. denied, (U.S. May 18, 2009) (No. 08-8664) (holding that Booker does not render a guideline range advisory in the context of a § 3582 proceeding, whether or not the guideline range is reduced by a sentencing amendment); United States v. Moreno, 421 F.3d 1217, 1220-21 (11th Cir. 2005) (holding that Booker did not provide a jurisdictional basis for § 3582 relief because it was not a sentencing amendment and that § 3582 only provides a district court with the discretion to reduce a sentence following the lowering of a sentencing range by the Sentencing Commission). Accordingly, we affirm.

**AFFIRMED.**