[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16215
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 94-04071-CV-4-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEFFANY FRAZIER,
a.k.a. Steffeny Bernard Frazier,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 31, 2009)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Steffany Frazier, proceeding pro se, appeals the district court's denial of his

motion for a reduced sentence, which was filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines.  On appeal, Frazier argues the district court erred by stating that he was accountable for over 4.5 kilograms of crack cocaine in the denial of his § 3582(c)(2) motion because the sentencing court only found him responsible for an amount over 1.5 kilograms of crack cocaine. He contends that the district court's inaccurate factual findings violated his due process rights and Fed.R.Crim.P. 32(c).  Further, he requests that we remand, pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), for the district court to conduct an evidentiary hearing regarding the drug amount because the drug amount was neither listed in the indictment nor found by the jury.  Frazier contends that the district court, pursuant to Amendment 706, should have determined whether his sentence, based on U.S.S.G. § 2D1.1, was unconstitutional and that Amendment 706 re-opened this preserved argument. Lastly, he argues that the district court should have applied a two-level reduction to his base offense level and should have considered the 18 U.S.C. § 3553(a) sentencing factors, along with United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

In a § 3582(c)(2) proceeding, "we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines."

2

United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). "We review de novo questions of statutory interpretation." United States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been retroactively lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" – and is, therefore, not authorized under § 3582(c)(2) – if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

Although it is not clear from the record on appeal whether the sentencing court found Frazier responsible for more than 4.5 kilograms of crack cocaine, the Presentence Investigation Report stated that the drug quantity was "substantially" more than 1.5 kilograms of crack cocaine. Even if the district court erred in stating that Frazier was sentenced based on 4.5 kilograms of crack cocaine in denying his § 3582(c)(2) motion, it ultimately reached the correct conclusion. Frazier was

3

ineligible for a sentencing reduction because, although Amendment 706 would reduce his base offense level, it would not affect his guideline range of life imprisonment. See U.S.S.G. § 1B.10(a)(2)(B); United States v. Moore, 541 F.3d 1323, 1325 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, 129 S.Ct. 1601 (2009) (holding that "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence").

In applying Amendment 706, the district court would have begun with the offense level of 38 and applied the 2-level reduction, making Frazier's offense level 36. See U.S.S.G. § 1B1.10(b)(1). In leaving all other guideline application decisions unaffected, the district court then would have applied a 2-level firearms enhancement, a 4-level role enhancement, and a 2-level obstruction of justice enhancement, resulting in an offense level of 44. The Sentencing Guidelines instruct that an "offense level of more than 43 is to be treated as an offense level of 43." See U.S.S.G. Ch. 5, pt. A, comment. (n. 2). With an offense level of 43 and a criminal history category of I, Frazier's "amended guideline range" would be the same as his original guideline range, life imprisonment.

Moreover, the district court could not have resentenced Frazier based on

4

Apprendi, the crack-to-powder sentencing disparity, or the § 3553(a) factors, because they do not provide an independent basis for reconsideration of his sentence.  See 18 U.S.C. § 3582(c)(2) (only authorizing a court to reduce a sentence where a defendant's original sentencing range has been reduced by the Sentencing Commission).  Additionally, the district court could not have recalculated the drug quantity amount because a sentencing adjustment under § 3582(c)(2) does not constitute a de novo resentencing.  See United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000) (holding that § 3582(c)(2) "does not grant to the court jurisdiction to consider extraneous resentencing issues").  Further, Booker itself did not render Frazier eligible for a sentence reduction under § 3582(c)(2).  See United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008), cert. denied, 129 S.Ct. 1657 (2009).  Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1]     Frazier's request for oral argument is denied.

5