[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12266
Non-Argument Calendar
_____

D.C. Docket No. 4:94-cr-04071-WS-CAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEFFANY FRAZIER,
a.k.a. Steffeny Bernard Frazier,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 12, 2013)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Steffany Frazier, proceeding pro se, appeals the denial of his motion for a

sentence reduction filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to

the Sentencing Guidelines.  This appeal follows from the denial of Frazier's <u>second</u> § 3582(c)(2) motion.  In this appeal, Frazier argues that the district court erred in determining that it did not have the authority to reduce his term of imprisonment.  After thorough review, we affirm.[1]

We review <u>de novo</u> a district court's decision about the scope of its legal authority under § 3582(c)(2).  <u>United States v. Moore</u>, 541 F.3d 1323, 1326 (11th Cir. 2008).  Pursuant to § 3582, a district court may modify a defendant's term of imprisonment where the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  However, a sentence reduction is not authorized under § 3582(c)(2) if the relevant amendment does not have the effect of lowering the defendant's applicable guideline range.  U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 750, effective November 1, 2011, made permanent an amendment lowering the base offense levels for particular crack cocaine quantities in U.S.S.G. § 2D1.1(c).  <u>See</u> U.S.S.G. App. C, Amends. 748, 750.  These amendments altered the Drug Quantity Table in § 2D1.1(c) so that a base offense level of 36 applies to cases involving at least 2.8 kilograms but less than 8.4 kilograms of cocaine base.  <u>See</u> <u>id.</u>; U.S.S.G. § 2D1.1(c)(2).

---

[1] In addition, we DENY Frazier's motion to supplement the record on appeal because the document he seeks to add to the record is not relevant to the issue on appeal.

Generally, a district court may not make new findings of fact in § 3582(c)(2) proceedings because such proceedings are not full resentencings. United States v. Cothran, 106 F.3d 1560, 1562-63 (11th Cir. 1997) (upholding district court's refusal to re-examine the number of marijuana plants involved in the offense). However, a district court conducting a § 3582(c)(2) proceeding does not make an "impermissible new finding of fact" simply by holding a defendant responsible for a crack cocaine amount that was set forth in the factual determinations of the Presentence Investigation Report ("PSI") and adopted by the original sentencing court. See United States v. Davis, 587 F.3d 1300, 1303-04 (11th Cir. 2009).

When the district court ruled on Frazier's § 3582(c) motion in this case, it did not err by relying on facts contained in the PSI showing that Frazier's drug trafficking convictions were based on conduct involving at least 2.8 kilograms of crack cocaine. Indeed, not only were the facts found in the PSI, but, at sentencing, the district court determined that they were supported by the trial evidence, and incorporated them into Frazier's sentence. See id. Specifically, paragraph eight of the PSI said that Hopkins, Frazier's co-conspirator, had delivered quarter kilograms of cocaine base to Frazier twice a week for three months at the end of 1990. This equates to a total of six kilograms on these deliveries alone, and the PSI also detailed similar transactions with similar drug quantities.

3

While <u>Davis</u> may be factually distinguishable from the instant case (since Davis did not object to the relied on PSI facts, while Frazier did), that distinction bears no legal significance here. The district court expressly overruled Frazier's objections, adopted the PSI, and incorporated the PSI's explicit factual findings concerning high volume drug trafficking into his sentence, which we affirmed on appeal. <u>United States v. Frazier</u>, 107 F.3d 23 (11th Cir. 1997). Furthermore, the narrow scope of § 3582(c)(2) proceedings would not permit Frazier to challenge the factual findings contained in the PSI in the instant proceeding. <u>See</u> <u>Cothran</u>, 106 F.3d at 1562-63. Thus, Frazier remains bound by the original sentencing court's adoption of the factual determinations contained in the PSI. While we expressed doubt as to the record's clarity in Frazier's first § 3582(c)(2) proceeding, we never have determined that the district court erred when it concluded that Frazier was sentenced based on at least 4.5 kilograms of crack cocaine, and our later decision in <u>Davis</u> made clear that such a determination was not erroneous. <u>See</u> <u>United States v. Frazier</u>, 343 F. App'x 523, 524 (11th Cir. 2009); <u>Davis</u>, 587 F.3d at 1303-04.

In short, Frazier's base offense level, post-Amendment 750 and based on his trafficking of at least 2.8 kilograms of crack cocaine, would be at least 36, resulting in a total offense level of 44 and a guideline sentencing range of life imprisonment. U.S.S.G. § 2D1.1(c)(1). As a result, the district court did not err when it

determined that it did not have the discretion to reduce Frazier's sentence pursuant to § 3582(c)(2) because Amendment 750 did not have the effect of lowering his applicable guideline range, which remained life imprisonment.    See U.S.S.G. § 1B1.10(a)(2)(B).

**AFFIRMED.**