[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10368
Non-Argument Calendar

_____

D.C. Docket No. 8:05-cr-00406-WFJ-AAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVIN BARNES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 27, 2021)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Alvin Barnes appeals his 24-month sentence imposed upon revocation of his term of supervised release under 18 U.S.C. § 3583(e).  He argues that the district court plainly erred by not recognizing its authority to reduce his revocation sentence by the amount that he allegedly overserved his custodial sentence under the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 ("First Step Act"), and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act").  He also argues that his within-guideline sentence is substantively unreasonable.

I.

We review *de novo* issues of statutory interpretation.  *United States v. Maupin*, 520 F.3d 1304, 1306 (11th Cir. 2008).  We review a district court's revocation of supervised release for an abuse of discretion.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  However, when a defendant asserts a sentencing argument for the first time on appeal, we review only for plain error.  *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000).

Under a plain error standard, the defendant bears the burden to "show that there is (1) error, (2) that is plain and (3) that affects substantial rights."  *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007) (quotation marks omitted).  "If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or

2

public reputation of judicial proceedings." *Id*. (quotation marks omitted). Regarding the second prong of the test, "[s]uch error must be so clearly established and obvious that it should not have been permitted by the trial court even absent the defendant's timely assistance in detecting it." *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015) (quotation marks omitted). "When the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or [us] directly resolving it." *United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006) (quotation marks omitted).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B); *see United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 758 (2021). The First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment. *Jones*, 962 F.3d at 1297.

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. *See* Fair Sentencing Act; *Dorsey v. United States*, 567 U.S. 260, 268-69 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the

3

disparity between cocaine base and powder cocaine offenses was disproportional and reflected race-based differences). Section 2 of the Fair Sentencing Act changed the quantity of cocaine base necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(2); 21 U.S.C. § 841(b)(1)(B)(iii). Thus, possession of less than 28 grams of cocaine base now falls under the purview of 21 U.S.C. § 841(b)(1)(C). *See* Fair Sentencing Act § 2(a); 21 U.S.C. § 841(b)(1)(C). These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which made retroactive for covered offenses the statutory penalties enacted under the Fair Sentencing Act. *See* First Step Act § 404. Under § 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id*. § 404(b). The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id*. § 404(a). The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id*. § 404(c); *see also Jones*, 962 F.3d at 1304

4

(describing the First Step Act as "an act of legislative grace left to the discretion" of the courts).

A district court may revoke a defendant's supervised release and require him to serve all or part of his term in prison if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Revocation of supervised release is not punishment for a defendant's new offenses that violate the conditions of his supervised release. *Johnson v. United States*, 529 U.S. 694, 699-701 (2000). Rather, post-revocation penalties are "treat[ed] . . . as part of the penalty for the initial offense." *Id.* at 700-01; *see also United States v. Haymond*, 139 S. Ct. 2369, 2380 (2019) (reaffirming *Johnson* and stating that, when a defendant receives a term of supervised release for his initial offense, "whether that release is later revoked or sustained, it constitutes a part of the final sentence for his crime").

As an initial matter, the parties correctly acknowledge that plain error review applies to this issue.

Here, even assuming *arguendo* that the district court erred in failing to acknowledge its authority under the First Step Act to reduce Barnes's revocation sentence in light of his allegedly overserved custodial sentence, any error cannot be plain because the First Step Act is silent as to this overserved issue, and there is no precedent on the matter. Accordingly, we affirm as to this issue.

5

II.

We review a revocation sentence for reasonableness. *United States v. Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). The party challenging the substantive reasonableness of the sentence bears the burden of establishing that it is unreasonable based on the record, the 18 U.S.C. § 3553(a) factors, and the substantial deference afforded to sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

Under 18 U.S.C. § 3583, a court must consider the following 18 U.S.C. § 3553(a) factors when determining what sentence to impose upon the revocation of supervised release: "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need to afford adequate deterrence, protect the public, and provide the defendant with appropriate correctional treatment; the kinds of available sentences; the applicable Guidelines range; any pertinent policy statement; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7) & 3583(e)(3).

The weight given to any particular "§ 3553(a) factor is a matter committed to the sound discretion of the district court," and it can give "great weight to one factor over others." *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (quotation marks omitted); *see United States v. Sweeting*, 437 F.3d 1105, 1107

6

(11th Cir. 2006) (stating, in the supervised release context, that "the district court adequately considered the § 3553(a) factors in arriving at [the defendant's] sentence, including his criminal history and his threat to the public"). District courts do not need to address "each of the § 3553(a) factors or all of the mitigating evidence." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021). Instead, an acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient. *Id*. at 1354-55.

A district court "imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Rosales-Bruno*, 789 F.3d at 1256 (quotation marks omitted). Although we do not automatically presume a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Further, a sentence is not unreasonable merely because the district court did not accept the prosecutor's or defense counsel's recommendations. *See United States v. Valnor*, 451 F.3d 744, 745-46, 752 (11th Cir. 2006) (affirming upward variance despite government and defendant jointly recommending sentence at low end of guideline range).

The commentary to the Guidelines indicates that a supervised release violation is a "breach of trust" and directs the court to "sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, Pt. A, comment. (n.3(b)).  However, "the [C]hapter [S]even guidelines are merely advisory, and it is enough that there is some indication the district court was aware of and considered them." *Aguillard*, 217 F.3d at 1320.

Barnes's sentence is not substantively unreasonable.  The fact that the district court rejected the government's recommendation does not render his sentence unreasonable, and its imposition of a within-guideline-sentence is an indicator of reasonableness.  The court's discussion of the § 3553(a) factors in direct response to his arguments for a downward variance was sufficient, and it did not need to expressly state that it considered his mitigating evidence.  To the extent that the court weighed his criminal history heavily, it was within its considerable discretion to do so, and its acknowledgment of the Guidelines and their policy statements was sufficient.  Accordingly, we affirm.

**AFFIRMED.**